

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

January 28, 2022

**Via ECF**

The Honorable J. Paul Oetken
U.S. District Court for the
  Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

      Re:  *SEC v. Wygovsky*, 1:21-cv-05730-JPO

Dear Judge Oetken:

      Plaintiff Securities and Exchange Commission ("Commission") respectfully writes to advise the Court that the Commission and Defendant Sean Wygovsky have reached a partial settlement of the Commission's claims, and together with counsel for Mr. Wygovsky, provide the Court with a status update, pursuant to the Court's January 26, 2022 Order.   The Commission has previewed a copy of this letter to Mr. Wygovsky's counsel.

      Accordingly, we filed on ECF today, for the Court's consideration, the proposed partial Judgment, together with Mr. Wygovsky's consent.  The proposed partial Judgment enjoins Mr. Wygovsky from committing additional violations of the federal securities laws that the Commission charged him with violating, but leaves for later resolution the Commission's claims for monetary relief.  We hope that we will be able to reach a settlement of these outstanding claims after resolution of the related criminal case, *United States v. Wygovsky*, 1:21-cr-00718-JGK (S.D.N.Y.).

      If the proposed Judgment is acceptable to the Court, the Commission respectfully requests that the Court docket the executed judgment together with Mr. Wygovsky's consent.

      In addition, the Commission advises the Court that it continues to investigate conduct related to the subject matter of this action by certain individuals not party to this action or to the related criminal case, including by means of investigative subpoenas to these individuals and other non-parties, consistent with established precedent in this Circuit.  *See, e.g., Bowles v. Bay of N.Y. Coal & Supply Corp.*, 152 F.2d 330, 331 (2d Cir. 1945) (noting the "settled" principle that "the rules of civil procedure do not apply to restrict or control administrative subpoenas"); *SEC v. F.N. Wolf & Co., Inc.*, No. 93 Civ. 0379 (LLS), 1993 WL 568717, at *2 (S.D.N.Y. Dec. 14, 1993) ("[The Commission's]

institution of civil litigation did not shrink the scope of the investigative resources available to the SEC, nor limit its use of information obtained from those resources to purposes other than litigation.").

        Respectfully submitted,

        /s *Ann Marie Preissler*
        Ann Marie Preissler
        Senior Counsel

cc:    Counsel for Defendant (by ECF)